**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 9 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



JULIO RAMIREZ RAMIREZ,

       Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

       Respondent.

No. 22-725

Agency No.
A209-803-616

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 7, 2023**
Seattle, Washington

Before: HAWKINS, CALLAHAN, and BRESS, Circuit Judges.

    Julio Ramirez Ramirez (Ramirez), a native and citizen of Guatemala,

petitions for review of a Board of Immigration Appeals (BIA) decision dismissing

his appeal of an Immigration Judge (IJ) order denying his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

(CAT). We review the BIA's decision for substantial evidence. *Sharma v.*

---

    * This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

    ** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Garland*, 9 F.4th 1052, 1060, 1066 (9th Cir. 2021). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1.      Substantial evidence supports the denial of Ramirez's applications for asylum and withholding of removal. To be eligible for asylum or withholding of removal, a petitioner must demonstrate a "nexus" between his past or contemplated future harm and a protected ground. *Garcia v. Wilkinson*, 988 F.3d 1136, 1143, 1146–48 (9th Cir. 2021). For asylum, the petitioner must show that the asserted protected ground—here, political opinion—was "one central reason" for his persecution. 8 U.S.C. § 1158(b)(1)(B)(i). For withholding of removal, the alien demonstrates a nexus if a protected ground was "a reason" for the past or feared harm. *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017). To demonstrate a nexus between persecution and a political opinion, the petitioner "must show that he held (or that his persecutors believed that he held) a political opinion," and "that his persecutors persecuted him because of his political opinion." *Ahmed v. Keisler*, 504 F.3d 1183, 1192 (9th Cir. 2007).

Here, substantial evidence supports the BIA's determination that Ramirez did not meet the nexus requirement. Ramirez argues that he was persecuted because he expressed opposition to the gang members who tried to recruit him, telling them he "opposed" them and did not "like the things [they are] doing." Even assuming these statements do, in fact, constitute political opinions, the BIA

2

reasonably concluded that Ramirez provided insufficient evidence that the gang members were motivated to harm Ramirez because of his alleged political opinion, as opposed to a generalized desire to increase their ranks. *See Barrios v. Holder*, 581 F.3d 849, 856 (9th Cir. 2009), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc) (concluding that petitioner's refusal to join a gang did not compel the conclusion that gang members targeted him on account of his political opinion, as opposed to "economic and personal reasons"). Because Ramirez presented insufficient evidence showing that the gang members harmed him because of his opposition to gangs, the agency was not required to conduct a mixed motives analysis. *See Parussimova v. Mukasey*, 555 F.3d 734, 741 (9th Cir. 2009) ("[A] motive is a 'central reason' if the persecutor would not have harmed the applicant if such motive did not exist.").

2. Ramirez failed to make any colorable argument or cite any authority regarding CAT protection in his opening brief. Any challenge to the BIA's determination on that issue is therefore waived. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013) (matters not raised in opening brief are waived). Regardless, substantial evidence supports the denial of CAT relief. The record does not compel the conclusion that Guatemalan officials would consent to or acquiesce in Ramirez's torture. *See Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020) (holding that an applicant seeking relief under the CAT must establish that he "will more likely than not be tortured with the consent

3

or acquiescence of a public official if removed to h[is] native country").

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal (Dkt No. 4) is otherwise denied as moot.